DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before this court on appellant Mohammad Eissa's "motion to re-consider" the dismissal of his direct appeal. The city has not filed a response.
 {¶ 2} On July 1, 2002, appellant's direct appeal was dismissed by this court, sua sponte, because appointed appellate counsel failed to file a brief on appellant's behalf. On September 24, 2002, appellant timely filed the one-page "motion" herein, in which he asks this court to grant him additional time "to find a new attorney to appeal [his] case." In support thereof, appellant states that his first court appointed attorney "failed to represent [him] in a timely manner," resulting in the dismissal of his direct appeal.
 {¶ 3} We hereby elect to construe appellant's "motion to reconsider" as an application to reopen his appeal pursuant to App.R. 26(B), which provides, in relevant part:
 {¶ 4} "(1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.
 {¶ 5} "(2) An application for reopening shall contain all of the following:
 {¶ 6} "* * *
 {¶ 7} "(c) One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation;
 {¶ 8} "(d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record;
 {¶ 9} "(e) Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies.
 {¶ 10} "* * *
 {¶ 11} "(5) An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal.
 {¶ 12} "* * *."
 {¶ 13} Upon consideration of the foregoing, we find that appellant's application raises a genuine issue as to whether appellant was deprived of the effective assistance of appointed appellate counsel. We further find that, in the interest of justice, appellant is not required to comply with the requirements set forth in App.R. 26(B)(2)(c),(d) and (e).
 {¶ 14} Appellant's application for reopening is well-taken. This appeal is hereby reopened. The trial court having previously determined that appellant is indigent, we hereby appoint attorney Brian Hoch, 5744 Southwyck Blvd., Toledo, Ohio, 43614, to represent appellant on appeal. The court reporter is hereby ordered to prepare a transcript of the trial court proceedings at state expense and to supplement the record with said transcript within two weeks of the date of this decision. Thereafter, this case shall proceed according to the rules of Appellate Procedure.
 {¶ 15} It is so ordered.
APPLICATION GRANTED.
Peter M. Handwork, J., Melvin L. Resnick, J., and Richard W. Knepper,J., CONCUR.